UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DERRICK CROSBY and
ERIC LEWIS,

    Plaintiffs,

v.

HEIDI E. WASHINGTON,
GARY MINIARD, and GEORGE
STEPHENSON,

    Defendants.
_____/

Case No. 2:21-cv-11635
District Judge David M. Lawson
Magistrate Judge Kimberly G. Altman

## ORDER DENYING PLAINTIFFS' MOTION FOR PROTECTIVE ORDER (ECF No. 51)

### I.    Introduction

This is a prisoner civil rights case. Plaintiffs, two prisoners in the custody of the Michigan Department of Corrections (MDOC), alleged that the MDOC has adopted a policy that interferes with their access to counsel in pending criminal cases. The policy does not provide for teleconferencing with counsel over Zoom unless a prisoner is represented by State Appellate Defense Office (SADO) attorneys. Following motion practice, only Plaintiffs' claim for injunctive relief to the extent the policy is in place at Saginaw Correctional Facility and Macomb Correctional Facility remains.

1

Before the Court is Plaintiffs' motion for a protective order seeking to prevent the deposition of Dionnne Webster-Cox, one of the attorneys representing Plaintiffs.[1] (ECF No. 51), to which Defendants have responded. (ECF No. 54). The motion has been referred to the undersigned. (ECF No. 52). For the reasons stated below, the motion will be DENIED.

## II. Background

At the outset the following two facts are pertinent to the motion: (1) discovery closes on July 25, 2022; and (2) Webster-Cox's deposition has been noticed to take place July 25, 2022 at 1:00PM.

Beginning in late June, counsel began exchanging emails regarding the deposition of Webster-Cox. A June 21, 2022 email reflects the first instance of Defendants notifying Plaintiffs of their intent to depose Webster-Cox with Webster-Cox's law clerk responding with available dates. On June 23, attorney Barton confirmed he was available to defend the deposition on July 21, 2022. On June 27, 2022, Defendants noticed Webster-Cox's deposition for July 21. Webster-Cox responded that she was not available that day.

---

[1] As indicated in Defendants' response, at some earlier point in the case, counsel for Defendants pointed out a potential conflict of interest in Webster-Cox representing Plaintiffs in their underlying criminal cases and this civil case due to her likely being a witness. Thereafter, Darnell Barton filed an appearance in this case. (ECF No. 22). Thus, it appears that the possibility of Webster-Cox being a witness has been known to Plaintiffs for some time.

2

On June 28, 2022, Barton emailed Zachary Zurek, as counsel for Defendants, stating that Webster-Cox is available on July 25, 2022 at 1:00PM. Barton also said that "there will be a motion for protective order limiting the scope of the deposition to the merits of the case." (ECF No. 51-2, PageID.583). Zurek responded that he would notice the deposition for July 25, 2022 at 1:00PM. As to a protective order, Zurek asked for an email outlining the proposal to limit the scope, pointing out that "you can object to answering questions that are covered by A/C Privilege, and I will try my best to avoid such questions anyway." (*Id.*).

Subsequent emails reflect discussion regarding a protective order Plaintiffs were proposing in conjunction with the deposition based on a concern that deposition topics may encroach on attorney-client privilege.

A June 30, 2022 email chain is particularly relevant. Zachary Zurek, as counsel for Defendants, writes at 2:34PM:

> We will withdraw our subpoena and instead issue a deposition notice, if you agree that you will not file a motion for a protective order. Please advise if you agree. If you agree, we will issue a deposition notice for 7/25 at 1pm based on your representation that Ms. Webster Cox will voluntarily appear.

(ECF No. 51-2, PageID.577). At 2:49PM, Darnell Barton, as counsel for Plaintiffs, responds:

> As per our conversation, we would agree to refrain from filing the motion with the withdrawal of the subpoena.

(*Id.*, PageID.576.).

3

Consistent with this agreement, on June 30, 2022, Defendants noticed the deposition of Webster-Cox. (*Id*. PageID.592-94). And Plaintiffs did not further pursue a protective order relating to topics of the deposition.

In July, the parties exchanged several emails regarding the scope of the deposition, with Plaintiffs' counsel raising concerns regarding attorney-client privilege with respect to the dates Webster-Cox met with Plaintiffs and whether they exchanged discovery during their visits. Defendants' counsel responded, asking Plaintiffs for authority for their position. At no time in these email exchanges did counsel for Plaintiffs indicate they would seek a protective order preventing Webster-Cox's deposition or otherwise object to the deposition.

Indeed, the proposed protective order that Plaintiffs sent to Defendants on June 29, 2022, seeks to limit the deposition "to matters stated with reasonable particularity as contained in the Notice of Deposition and shall no[t] fall outside the scope of questions directly related to the above captioned matter." (Ex. A, Plaintiffs' Proposed Protective Order, p. 1.) This broad language does not appear to limit the scope of the deposition to certain topics.[2]

On the eve of the close of discovery, Friday July 22, 2022 at 3:08PM, Plaintiffs filed the instant motion. Plaintiffs now contend that a protective order is

---

[2] Upon receiving the proposed protective order, counsel for Defendants questioned the need for the order because it appeared to accomplish what Rule 26(b)(1) already requires. *See* ECF No. 51-2, PageID.582.

4

necessary because Defendants can obtain information regarding the visits from Plaintiffs themselves and any information as to what took place during those visits is protected by attorney-client privilege and the work product doctrine.

Beginning on Monday morning July 25, 2022, Defendants' counsel contacted the District Judge's chambers requesting an emergency status conference. The District Judge then referred the motion to the undersigned, and Defendants' counsel contacted chambers requesting an emergency status conference. Defendants then filed a response to the motion. A telephone conference was held on July 25, 2022 at 11:00PM.

### III.  Legal Standard

In general, the scope of discovery is broad. "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense.... Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed.R.Civ.P. 26(b). Under Federal Rule of Civil Procedure 26(c), a district court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," thereby limiting discovery.

"The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense[.]" Fed.

R. Civ. P. 26(c)(1). Good cause exists if "specific prejudice or harm will result" from the absence of a protective order. *In re Ohio Execution Protocol Litig.*, 845 F.3d 231, 236 (6th Cir. 2016). To justify a protective order, one of Rule 26(c)(1)'s enumerated harms "must be illustrated with a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements." *Serrano v. Cintas Corp.*, 699 F.3d 884, 901 (6th Cir. 2012) (quoting *Nemir v. Mitsubishi Motors Corp.*, 381 F.3d 540, 550 (6th Cir. 2004)). Further, "the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that... the discovery sought... can be obtained from some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2)(C)(i) (emphasis added).

IV. Discussion

A. Procedural Issues

As an initial matter, and as the undersigned noted at the telephone conference, Plaintiffs did not seek concurrence nor did their motion contain a statement that such concurrence was sought but not obtained, in violation of E.D. Mich. LR 7.1(a)(1) which plainly states that a "movant must ascertain whether the contemplated motion... will be opposed." In the event the request is opposed, the movant must include in the motion an explanation of what efforts were made to seek concurrence. E.D. Mich. LR 7.1(a)(2).

Further, Judge Lawson, the District Judge presiding over this case, entered a Case Management Order which clearly states that "parties must strictly comply with LR 7.1(a), which requires moving parties to seek concurrence before filing a motion... All of this must be documented specifically in the motion papers." (ECF No. 25, PageID.155.) Further, "[f]ailure to follow these rules likely will result in a denial of the motion and may lead to sanctions." (*Id.*)

At the telephone conference, counsel for Plaintiffs conceded that they did not comply with Local Rule 7.1 but explained that the parties have discussed the issues of Webster-Cox's deposition for several weeks and it only became clear recently that Defendants were going to seek to ask questions they believed were protected by attorney-client privilege.

Putting aside that Plaintiffs' explanation does not provide an adequate excuse for their failure to abide by Local Rule 7.1 and whether that alone could result in denial of their motion, Plaintiffs' motion fails on the merits, as discussed below.

Secondly, it is not lost on the undersigned that this motion was filed on the cusp of the close of discovery, late on a Friday afternoon, with discovery set to close the following Monday and the very deposition at issue set to take place on Monday at 1:00. More significantly, it is clear that Plaintiffs knew of the

impending deposition on June 30, nearly a month ago, and agreed to the deposition. Plaintiffs' failure to seek relief sooner is troubling.

### B. The Merits

Plaintiffs have not shown specific harm or good cause to obtain a protective order preventing Webster-Cox's deposition. Plaintiffs in fact agreed to the taking of the deposition. At best, Plaintiffs sought to limit the scope of Webster-Cox's deposition. But, as noted above, the proposed protective order offered by Plaintiffs contains no such limitations as to specific topics.

As stated in Defendants' response and by the undersigned during the telephone conference, if Plaintiffs believe that certain topics are covered by attorney-client privilege, they have every right to invoke the privilege at the deposition and direct Webster-Cox not to answer. Plaintiffs' fear that Defendants' counsel will attempt to harass Webster-Cox by inquiring into privileged topics is not grounds for a protective order prohibiting her deposition altogether. Nor are Plaintiffs' concerns regarding the additional attorney fees that will result from her deposition. These fears and concerns are not unique to the proposed deposition of Webster-Cox, which shall proceed as scheduled on July 25, 2022 at 1:00PM.

### V. Conclusion

For the reasons state above, Plaintiffs' motion for a protective order is DENIED.

SO ORDERED.

Dated: July 25, 2022                           s/Kimberly G. Altman
Detroit, Michigan                          KIMBERLY G. ALTMAN
                                                       United States Magistrate Judge

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on July 25, 2022.

                                                       s/Carolyn Ciesla
                                                       CAROLYN CIESLA
                                                       Case Manager